# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOWARD,<br><br>    Petitioner,<br><br>v.<br><br>JEFF WRIGLEY, Warden, et al.,<br><br>    Respondents. | 1:06-cv-00821-LJO-TAG HC<br><br>REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (Doc. 13)<br><br>ORDER WITHDRAWING REPORT AND RECOMMENDATION OF SEPTEMBER 22, 2006 (Doc. 10) |

    Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

    On May 9, 2005, Petitioner pleaded guilty to five counts of violating 18 U.S.C. § 1341 and 1342(mail fraud), and four counts of violating 18 U.S.C. § 1956(a)(1)(B)(money laundering). (Doc. 9, pp. 2-3; Exh. 1, p. 1). Petitioner was sentenced by the United States District Court for the District of Massachusetts to eighteen months of incarceration. (Doc. 9, Exh. 1, p. 2).

    The instant petition was filed on June 27, 2006. (Doc. 1). On September 22, 2006, the Magistrate Judge issued a Report and Recommendation that recommended the petition be GRANTED and Respondent be ORDERED to consider the appropriateness of transferring Petitioner to a Residential Re-entry Center ("RRC") in light of the factors set forth in 18 U.S.C. § 3621(b), not excluding any other factors deemed appropriate by the Bureau of Prisons ("BOP"), without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. (Doc. 10). The Report and Recommendation was served on all parties and contained notice that any objections were to be filed within twelve days of the date

of service of the order.

On October 31, 2006, Respondent filed the instant motion to dismiss, alleging that Respondent had conducted a re-evaluation of Petitioner's release date to RRC, without reference to the challenged regulations, that the relief Petitioner had requested had been afforded to him, and therefore the petition was now moot. (Doc. 13). Respondent states, "The BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies.'" (Id. at p. 2). As a result of this evaluation, the BOP determined Petitioner is to spend "30-60 days in a Residential Re-entry Center before his release." Id.  In the motion to dismiss, Respondent has provided a copy of the completed form entitled, "Institutional Referral for CCC Placement." (Doc. 13, Exh. 3, p. 2). According to the form, Petitioner was evaluated on October 16, 2006, consistent with the Magistrate Judge's Report and Recommendation. (Id.)

**DISCUSSION**

Because Petitioner has already been granted the relief he requested and recommended by the Magistrate Judge, the case is now moot.  The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) per curiam.

Here, the instant petition requested an order from this Court directed to the Bureau of Prisons requiring it "to immediately in good faith, assess Petitioner...based upon the criteria in 18 U.S.C. § 3621(b), without reference to BOP policy promulgated in December 2002 and without reference to 28 C.F.R. § 570.12 to determine Petitioner's duration of placement in pre-release CCC." (Doc. 1, p. 3).  This appears to be precisely the relief provided by Respondent in its re-evaluation conducted on October 16, 2006. (Doc. 13, p. 2).  Because there is no further relief that this Court can provide to

Petitioner, the petition is now moot.[1]

**ORDER**

The Court HEREBY ORDERS that the Report and Recommendation of September 22, 2006 (Doc. 10), is hereby WITHDRAWN.

**RECOMMENDATION**

Additionally, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Doc. 13), be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as moot; and

3. The Clerk of Court be DIRECTED to enter judgment.

This Report and Recommendation is submitted to the Honorable Lawrence J. O'Neill, who is the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 16, 2007**                                                       **/s/ Theresa A. Goldner**
                                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that on March 14, 2007, mail sent by the Court to Petitioner was returned with an indication of "Cannot Locate/Out of Custody."  (Doc. 15).